## Thomas Cauley v. East St. Louis Electric Street Railroad Company.

1. ORDINARY CARE—*Exercise of, by Minors.*—The rule of law that before a person can recover for injuries sustained he must show that he was in the exercise of due care and caution, applies to infants as well as to adults.

2. NEGLIGENCE—*Children Playing in Streets.*—When the parent negligently permits his child to play in the street and upon railroad tracks, if he is injured, no recovery can be had.

3. TRIALS—*Misconduct of Jurors—Examination of the Charge.*— When the charge of misconduct on the part of the trial jurors is made a ground for a new trial and is presented to the court upon conflicting affidavits, the finding of the facts by the court is conclusive.

Trespass on the Case for personal injuries. In the City Court of East St. Louis; the Hon. B. H. CANBY, Judge, presiding. Declaration in case; plea of not guilty; trial by jury; verdict and judgment for defendant; error by defendant. Heard in this court at the August term, 1894. Affirmed. Opinion filed March 23, 1895.

BRIEF FOR PLAINTIFF IN ERROR, JESSE M. FREELS AND A. R. TAYLOR, ATTORNEYS.

It is not negligence *per se* to permit a child three and a half years old to go upon the street accompanied by a brother four years older. Stafford v. Rubens, 115 Ill. 196; Gavin v. Chicago, 97 Ill. 66; Pittsburg v. Fort Wayne, etc., Ry. v. Bumstead, 48 Ill. 221.

The question whether a child of the age of four or five years can be guilty of contributory negligence is not entirely settled in this State, but the weight of authority is that a child of such age can not. Chicago Railway v. Wilcox, 138 Ill. 382; Chicago v. Hesing, 83 Ill. 204; Gavin v. Chicago, 97 Ill. 66; Railway v. Ryan, 131 Ill. 474; Railway v. Welsh, 118 Ill. 572.

As to the question that a child is not held to the degree of care expected of a mature adult, there is no dispute in the authorities in this State. Railway v. Becker, 76 Ill. 25; Railway v. Murray, 62 Ill. 386; Kerr v. Forque, 54 Ill. 482; Railway v. Eminger, 114 Ill. 79; Railway v. Wilcox, 138 Ill. 383.

CHARLES W. THOMAS, attorney for defendant in error.

MR. PRESIDING JUSTICE SCOFIELD DELIVERED THE OPINION OF THE COURT.

This suit was brought by plaintiff in error to recover damages sustained by reason of injuries received by his child, Patrick, who was run over by one of defendant in error's cars on February 13, 1892. At the time of the accident Patrick was a healthy boy, between four and five years of age.

Appellant was a night watchman, with no means of support but his daily earnings. His family consisted of himself, his wife and nine children, the oldest child being between twelve and thirteen years of age.

In front of Thomas Cauley's residence was one of defendant in error's tracks. Patrick was upon the street, under charge of his sister older than he. Many children were playing upon the street, and Patrick attempted to cross the track to join some children who were upon the other side. One of defendant in error's cars, impelled by electricity, was approaching, and the sister strove with all her power to detain her brother and prevent him from crossing the track. She strove in vain, however. The boy broke loose from her grasp, dashed upon the track, and was seriously

Cauley v. East St. Louis Electric St. R. R. Co.

injured. He lost one leg and a toe from the other foot. The jury returned a verdict in favor of defendant in error, and found in answer to special interrogatories, propounded at the latter's request, that Patrick was not exercising due care and caution to avoid injury when he was hurt, and that the injured boy's parents negligently permitted him to play upon the streets. These were questions of fact, properly submitted to the jury for their determination. The evidence abundantly justifies the special findings, and therefore justifies also the general verdict in favor of defendant in error.

It is alleged that the court erred in the charge to the jury. We have carefully examined the instructions, and have come to the conclusion that, when the instructions are considered as a series, they fairly presented the law to the jury, so as to enable them to properly understand the case. While there are some imperfections in the instructions, we do not regard the imperfections as being of such a serious nature as to require the reversal of the judgment.

Another question has been raised on the argument which concerns the alleged corruption of two of the jurors. In support of a motion for a new trial, affidavits were filed on behalf of plaintiff in error whereby it was sought to show that these two jurors, who were colored men, had been corruptly approached by another colored man, and indirectly by a certain white man, who were alleged to be acting for defendant in error, during the trial. Affidavits were filed upon the other side tending to exculpate the accused persons from any intentional wrong. We think that the affidavits show the innocence of defendant in error's counsel.

As to the other persons concerned, we desire to refrain from any unnecessary comment. Suffice it to say, that all persons engaged in the trial of a case before a jury should be exceedingly careful with reference to their intercourse with the members of the jury. Ground for suspicion may be given by unnecessary association on the part of counsel or litigant with one of the jurors, when no wrong was intended, and no improper influence was, in fact, exerted. The con-

fidence of the people in courts of justice and especially in jury trials, can only be sustained when these proceedings are conducted with such circumspection as to furnish no ground for a suspicion that court or jury has been influenced by any improper motive.

But the question whether or not an effort was made to influence the jury in favor of defendant in error was a question of fact, presented by conflicting affidavits, considered by the trial court on the motion for a new trial, and therefore a question settled by the judgment of that court, unless we can say that the court below erred in weighing and passing upon these affidavits. We are not prepared to do this. On the contrary, we are satisfied with the action of the lower court on this branch of the case.

We have found no prejudicial error in the record and the judgment is therefore affirmed.